In the Matter of the Petition of BROOKLYN TRUST COMPANY and JACOB H. SHAFFER to Prove the Last Will and Testament and Codicil Thereto of WILLIAM POWELL TALBOT, Late of the County of Kings, Deceased.

Supreme Court, Kings County, August (Received September, 1923).

**Practice — probate of will — contest — disqualification of surrogate — power of Supreme Court to take jurisdiction and determine the issues.**

Where the surrogate of Kings county files a certificate of disqualification and the county judge as acting surrogate, pursuant to section 8 of the Surrogate's Court Act, transfers the case to the Supreme Court, sitting at Special Term, for hearing and determination, the Surrogate's Court becomes *functus officio* and the Supreme Court from that point on acquires full jurisdiction of the proceeding by force of the statute.

All parties having appeared at the Special Term upon a motion which sought among other things a jury trial which the court was authorized to grant under section 429 of the Civil Practice Act, the court directed a trial of the controverted questions of fact involved at a Trial Term. *Held,* that in so doing practical effect was given to both section 8 and section 68 of the Surrogate's Court Act.

The Supreme Court in the exercise of general jurisdiction might have directed that the Trial Term certify the result back to the Surrogate's Court or have the Trial Term report back to the Special Term and have the Special Term control the proceedings from that point on under section 8 of the Surrogate's Court Act and certify back to the Surrogate's Court; there was, therefore, no irregularity in practice in following the latter procedure.

While the Supreme Court acts at a Trial Term pursuant to a direction of the Supreme Court sitting at Special Term, it is acting on behalf of said Special Term and complying with the terms of section 8 of the Surrogate's Court Act which provides for the transfer of a case to the Special Term for hearing and determination.

Section 68 of the Surrogate's Court Act, which provides that the surrogate may in his discretion direct a trial of controverted questions of fact at a Trial Term of the Supreme Court, presents no complication in connection with section 8 of said statute and is concerned solely with what the surrogate may do in connection with a trial by jury, and neither the surrogate nor acting surrogate has power to do anything with respect to a trial by jury in the present case.

MOTION to resettle an order.

*Cullen & Dykman,* for petitioner.

*W. Dwight Teese,* special guardian.

CARSWELL, J. This is a motion to resettle an order made herein and seeking a reconsideration of the disposition heretofore made in the order sought to be resettled. Section 8 of the Surrogate's Court Act provides that in the county of Kings if the surrogate becomes disqualified the duties of his office may be discharged by

a county judge. It also provides that such officer, to wit, the county judge as acting surrogate, may in his discretion transfer a case " to the supreme court to be heard and decided at a special term thereof." In this case the surrogate filed the certificate of disqualification. Thereupon a county judge, as acting surrogate, in the exercise of his discretion transferred the case to the Special Term of the Supreme Court. When the acting surrogate made that order he divested himself of all jurisdiction and remitted the case to jurisdiction which the Supreme Court was entitled to exercise under section 8 and its own procedural provisions. It has been previously indicated that the provision of section 68 of the Surrogate's Court Act providing that the surrogate may in his discretion direct that a controverted question of fact may be tried at a Trial Term of the Supreme Court is to be read in connection with section 8. This court at Special Term has directed a trial of the controverted questions of fact involved herein at Trial Term, Part I, of the Supreme Court. In doing so practical effect has been given to section 8 and section 68 of the Surrogate's Court Act under circumstances where this court had jurisdiction. The jurisdiction of this court may be sustained upon another ground, to wit, that once it has acquired jurisdiction, as it has in this instance, at Special Term, it may proceed to exercise its inherent jurisdiction, which it has always had, to try controverted questions of fact in probate matters, such as were formerly had under section 2653-a of the Code of Civil Procedure and predecessor statutes. In the exercise of general jurisdiction, it may accommodate the machinery of the court to pending causes and by a direction of the court at Special Term direct the trial to be had at a Trial Term with a jury and either have that Trial Term certify the result back to the Surrogate's Court or have the Trial Term report back to the Special Term and have the Special Term control the proceedings from that point on under section 8 and certify back to the Surrogate's Court. The latter procedure seems to be the preferable one. The detailed manner in which the Supreme Court exercises the jurisdiction it undoubtedly has acquired herein is not the important thing, if the right to a jury trial is accorded by it to those who are demanding it. In this case the Supreme Court acquired jurisdiction by virtue of the order of the acting surrogate and the exercise of that jurisdiction in the manner which has heretofore been directed is proper and presents no jurisdictional defect. On even a hypercritical view there could under the practice heretofore indulged in be no jurisdictional defect so far as this court is concerned. Any difference of opinion as to procedure after getting into the Supreme Court but makes for procedural irregularity in the exercise of that juris-

Supreme Court, September, 1923.        [Vol. 121

diction. The mooted procedural irregularity would be of a character that would not affect any substantial right of any party litigant and would have to be disregarded. I am of the opinion, however, that there is no irregularity in the practice followed herein. There is a view that is conclusive, I think, and which disposes of any claim of even semblance of irregularity in the procedure herein. When the surrogate filed a certificate of disqualification and the county judge as acting surrogate, pursuant to the provisions of section 8 of the Surrogate's Court Act, transferred the case to Special Term, Supreme Court, he divested the Surrogate's Court, acting through him, of all jurisdiction, and that court became *functus officio*. The Supreme Court, from that point on, acquired full jurisdiction of the proceeding by force of the statute. The machinery that the Supreme Court should avail itself of to discharge its function after having acquired jurisdiction at Special Term, to which the case was transferred to be heard and determined, is to be decided by the practice sections governing the Supreme Court. The pertinent section is section 429 of the Civil Practice Act, which provides that " Where a party is entitled by the constitution, or by express provision of law, to a trial by jury, of one or more issues of fact in an action not specified in section four hundred and twenty-five of this act, he may apply upon notice to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly." All the parties herein appeared at Special Term on a motion which sought, among other things, this very relief which the court was authorized to grant under section 429. This court thereupon directed that the trial be had at Trial Term, Part I, where the facilities for procedure by jury are available. When the Supreme Court acts at Trial Term, Part I, pursuant to a direction of Supreme Court at Special Term, it is acting on behalf of this Special Term and complying with the terms of section 8 of the Surrogate's Court Act providing for a transfer to Special Term to hear and determine. Under this view, the language of section 68 of the Surrogate's Court Act is no concern of this court except as giving a substantive right to the parties to obtain a jury trial. It presents no complication in connection with section 8 of the Surrogate's Court Act and is concerned (except as indicated above) solely with what the surrogate may do in connection with a trial by jury, and the surrogate or acting surrogate, as such, has done nothing and has no power to do anything with respect to the subject of a trial by jury in this case. That has been attended to by this court at Special Term under the power vesting in it under section 429, Civil Practice Act, and section 8 of the Surrogate's Court

Act. Order resettling the previous order in accordance with foregoing signed.

Ordered accordingly.